```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


LESLEY ANN RETH SPRANLEY AND                CIVIL ACTION
MAURICE S. SPRANLEY, JR.


VERSUS                                      NO: 06-7544


ALLSTATE INSURANCE COMPANY                  SECTION: "R"(5)
```

**ORDER**

Before the Court is defendant Allstate Insurance Company's unopposed motion to dismiss under either Rule 12(b)(6) or Rule 12(c) of the Federal Rules of Civil Procedure. Specifically, Allstate moves to dismiss plaintiffs' claim under La. Rev. Stat. § 22:695, Louisiana's Valued Policy Law, based on this Court's holding in *Chauvin v. State Farm Fire & Cas. Co.*, 450 F. Supp. 2d 660 (E.D. La. 2006). In *Chauvin*, the Court dismissed claims predicated on the theory that plaintiff homeowners are entitled under La. Rev. Stat. § 22:695 to the full value of their policies so long as a covered peril caused some loss to their property. *Id.* at 669. Here, plaintiffs assert a virtually identical claim under Section 22:695. In their state court petition, plaintiffs aver that Hurricane Katrina caused extensive damage to their

property.  (R. Doc. 1-2, at ¶ V).  Plaintiffs then assert: "In the event that it is determined that the insured property sustained some loss covered by the policy of insurance, then, in that event, Defendant owes to Plaintiffs the policy limits of said policy of insurance . . . ."  (*Id.* at ¶ XIII).  They do not, however, specifically allege that their property sustained a total loss, nor do they allege that the total loss was the result of a covered peril.  Thus, plaintiffs' claim under Section 22:695 is fully disposed of by the reasoning in *Chauvin*, which the Court adopts and applies in full here.  Allstate's motion to dismiss is hereby GRANTED as to plaintiffs' VPL claim.

New Orleans, Louisiana, this 29th day of June, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT